UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA TOWNSEL,

    Plaintiff,                                  No. 13-10163

v.                                             District Judge Stephen J. Murphy, III
                                                    Magistrate Judge R. Steven Whalen

CHAIRMAINE RAUPP, ET AL.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

On January 15, 2013, Plaintiff Donna Townsel, who was then a prison inmate in the custody of the Michigan Department of Corrections, filed a *pro se* civil complaint under 42 U.S.C. § 1983. On May 15, 2014, the Court ordered Ms. Townsel to show cause in writing, within 14 days of the date of the order, why her complaint should not be dismissed for failure to prosecute [Doc. #21]. She has not responded to that order.

For the reasons set forth below, I recommend that this action be DISMISSED WITH PREJUDICE under Fed.R.Civ.P. 41(b), for Plaintiff's failure to prosecute.

        **I.    FACTS**

On December 2, 2013, the Court entered an order directing Ms. Townsel to provide correct addresses for unserved Defendants by January 3, 2014 [Doc. #13]. The order was mailed to Ms. Townsel the same day, but was returned as undeliverable [Doc. #14]. In the order, Ms. Townsel was warned that failure to provide the information to the Court could result in the dismissal of the unserved parties for lack of prosecution.

On December 16, 2013, Ms. Townsel notified the Court in writing that her address

had changed to a residence on Sylvester Street in the City of Detroit.[1] Since that time, mail that the Court sent to Ms. Townsel at that address has been returned as undeliverable [Doc. #18 and Doc. #20]. On May 15, 2014, I entered an order directing Ms. Townsel to "show cause in writing, within 14 days of the date of this Order, why the undersigned should not file a Report and Recommendation that this case be dismissed for failure to prosecute pursuant to Fed.R.Civ.P. 41(b)." [Doc. #21]. The order was mailed to Ms. Townsel at the last address she had provided to the Court. She has not responded to the show cause order. Ms. Townsel has had no contact with the Court, and has taken no action whatsoever in this case, since she notified the Court of her change of address on December 16, 2013.

## II.   LEGAL PRINCIPLES

The Court may dismiss a complaint for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) and Rule 41.2 of the Local Rules of the Eastern District of Michigan. *Mulbah v Detroit Board of Education,* 261 F.3d 586, 589 (6th Cir. 2001).

Fed.R.Civ.P. 41(b) provides:

> "**(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

Rule 41(b) also permits the Court to dismiss a case *sua sponte* under its inherent power: "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this

---

[1] The Michigan Department of Corrections' Offender Tracking Information System ("OTIS") website indicates that Ms. Townsel was paroled on September 18, 2013.

sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. Co.* 370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

L.R. 41.2, which permits dismissal for failure to prosecute on the court's own motion, states:

> "[W]hen it appears that the court lacks subject matter jurisdiction or that the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown."

In the case of a *pro se* litigant, "the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation." *Bunting v. Hansen,* 2007 WL 1582236, *2 (E.D.Mich. 2007). Nonetheless, because defendants are entitled "to a fair and timely resolution of the litigation . . . *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Id.*; *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991).

In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id*.

### III.   DISCUSSION

As to the first *Knoll* factor, and without addressing the issue of willfulness or bad faith, this *pro se* Plaintiff is clearly at fault for not advising the Court of any change of address and for not taking any action to serve the Defendants or otherwise move this case forward. Ms. Townsel was obviously aware of her duty to apprise the Court of her address, since she did so on December 16, 2013.

As to the second factor, there is no specific prejudice to the unserved Defendants other than the passage of time[2], and the time for service of process under Fed.R.Civ.P. 4(m) has now expired.  Nonetheless, even unserved Defendants are entitled to finality.

The third factor weighs heavily against Ms. Townsel, in that she was twice warned that failure to comply with the Court's orders could lead to dismissal for failure to prosecute [Doc. #13 and Doc. #21]. It is her own fault if she did not receive those orders, because she had a responsibility to inform the Court of her current address.

Finally, as to the fourth factor, this is not a case where, for example, an attorney's deficient performance can be sanctioned short of dismissing his or her client's case. *See Mulbah, supra*.  It is apparent that Ms. Townsel has abandoned this litigation.  Under these circumstances, the Court should exercise its discretion to dismiss this case, in order to prevent further delays and to avoid docket congestion.  *Link v. Wabash R. Co., supra*.

---

[2] Only unserved Defendants remain. Defendant Raupp was granted summary judgment on December 27, 2013.

## IV.   CONCLUSION

For these reasons, I recommend that the Court *sua sponte* dismiss this complaint for failure to prosecute, pursuant to Fed.R.Civ.P. 41(b) and E.D. Mich. L.R. 41.2.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/ R. Steven Whalen
                                        R. STEVEN WHALEN
Dated: June 2, 2014          UNITED STATES MAGISTRATE JUDGE

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on June 2, 2014, electronically and/or by U.S. mail.

        s/Carolyn M. Ciesla
        Case Manager to the
        Honorable R. Steven Whalen